JONES v. HARDIN, ADMINISTRATOR.

4-8102                                    200 S. W. 2d 95

Opinion delivered March 17, 1947.

*D. L. Grace* and *I. S. Simmons,* for appellant.

*Hardin, Barton & Shaw,* for appellee.

SMITH, J. This suit was brought by appellant to recover the value of a half interest in the estate owned by J. E. Hickey at the time of his death, which date is left blank in his complaint. His right to recover is predicated upon the following paragraphs of the will of the said Hickey.

"I will and bequeath to my dearly beloved wife Celia Hickey all of my estate both real and personal property (except as mentioned above) to have and to hold forever.

"I hereby appoint and constitute my beloved wife Celia Hickey as administratrix of my estate and request that she be appointed as such administratrix without bond.

"It is desired that after my wife Celia Hickey's death that one-half of the remaining estate be divided equally between her brothers and sisters then living.

"It is my desire that after my wife Celia Hickey's death, that one-half of the remaining estate be divided equally between my brothers and sisters then living."

In this connection it may be said that Mrs. Hickey, the testator's widow, not only did not consume the estate in her support, but appears to have augmented it.

At the testator's death he was survived by only one sister, and no brother. This sister died subsequent to the testator's death, and appellant is the sole and only heir of this sister, and the contention of appellant, this heir, is that the will of his uncle devised to his wife only a life estate in his property, with the remainder over, one-half thereof to his surviving brothers and sisters, and the other half to the surviving brothers and sisters of his wife.

On the other hand, the administrator of the estate of Celia, the wife of the testator, contends that the estate of her husband was devised to Celia in fee simple, and that she thus acquired the title to the entire estate. Her administrator insists also that the provisions of paragraphs five and six relating to any portion of the estate remaining at her death are precatory only.

A difference of opinion has arisen among the members of the court as to which of these contentions is correct, but we are all agreed that for the reason presently to be stated appellant is estopped from raising this question, and we therefore dispose of the case upon the ground on which we are all agreed.

The will of Hickey was duly probated and his wife administered upon his estate as if she were the sole devisee. She died testate in November, 1942. Her will was dated December 13, 1938.

Mrs. Hickey's will made no reference to any real estate and her estate consisted largely, if not entirely of personal jewelry, government war bonds, and cash in a safety deposit box at a bank in which she had on deposit a small sum of money.

Upon Mrs. Hickey's death the safety deposit box was opened and an inventory made of its contents, which inventory was made an exhibit to appellant's complaint. In this box were a number of envelopes, some containing money, others containing bonds, and some contained both money and bonds. On the envelopes there were such notations as these, ''Mrs. Celia Hickey, payable on death to Mrs. Katie Hickey Jones, Route 1, Box 32, Dawn, Missouri.'' Mrs. Jones was appellant's mother.

Appellee Hardin qualified as administrator of the estate of Hickey's widow and being uncertain as to the proper construction of Mrs. Hickey's will, and the disposition she had made of her estate, he took the precaution to file a suit, making all persons interested parties, in which he prayed that the will be construed and directions be given as to whether the will had created a trust, which

offended the rule against perpetuities. There was a question also as to the ownership of the government bonds, which comprised the major portion of the estate. These questions were put at rest in the case of *Myers* v. *Hardin, Adm.*, 208 Ark. 505, 186 S. W. 2d 925, the opinion having been delivered April 16, 1945.

The inventory attached to appellant's complaint as an exhibit thereto, shows that there were a large number of bonds, none being for a larger amount than $1,000, and the opinion in the case of *Myers* v. *Hardin, supra,* recites that they were of the total value of $23,000. In that opinion it was said, referring to these bonds, ''Each of these bonds was issued as follows: 'To Mrs. Celia Hickey payable on death to' _____ a named beneficiary, some of whom were legatees under the will, but a large number were not mentioned in the will.''

It was held in the Myers case, *supra,* ''. . . that each and all of the beneficiaries named in the bonds in question who survived the testatrix became the absolute owners of such bonds immediately upon the testatrix's death and that any legacy under the will to any of these bondholders is in addition to such bond and unaffected by it.''

Appellant was not named in Mrs. Hickey's will, but his mother through whom he claims, was mentioned in it, and the sum of $2,000 in cash was devised to her. Appellant was not named as a beneficiary in any of the bonds, but his mother was named in bonds of the value of $2,000.

The complaint filed by appellant alleges the fact to be that practically all of Mrs. Hickey's estate had been derived from her husband, but no question of her ownership was raised in the suit to construe the will. The decree in that case, as stated, was rendered April 16, 1945, while the present suit was not filed until January, 1946. In that interval the administration on Mrs. Hickey's estate proceeded, and appellant admits that the administrator paid him the $2,000 devised to his mother, and delivered to him the bonds found in the safety box, in

which his mother was designated as beneficiary. Evidently Mrs. Hickey's estate has been substantially distributed in accordance with the provisions of her will.

Now appellant was not a party to the suit referred to above, brought to construe Mrs. Hickey's will, but his mother was a party, and such interest as he has was derived from her. If it be true, as appellant now alleges, that the bulk of the estate left by Mrs. Hickey on her death was derived from her husband, and that she had only a life estate therein, this question should have been raised in the suit to construe her will, where all parties in interest were present, and before there had been any distribution of the estate. No one of the many heirs who were parties to the case of *Myers* v. *Hardin, Adm., supra,* raised the question that Mrs. Hickey had taken only a life estate under the will of her husband, and the decree construing her will is predicated upon the theory that she had the fee title, and under that decree the estate has been distributed, in part at least, and the administrator paid to appellant as the heir of his mother the $2,000 devised to her, and delivered to appellant the $2,000 of bonds which named his mother as alternate payee.

Any other heir of Mr. Hickey would have the same right to raise the question here presented, as has appellant, but none have done so, and we think no one of them now has that right.

Appellant insists that the doctrine of estoppel has no application here for the reason that the administrator in distributing the assets of the estate was not influenced by any act of appellant. But even so, the administrator was influenced by the inaction of appellant's mother. She did not speak when she should have spoken, and her heir may not now be heard to speak, inasmuch as the administrator has made at least partial distribution of the assets of Mrs. Hickey's estate, and, so far as appellant is concerned, has made full distribution. Cases without number have announced and applied the equitable principle here invoked, and the decree of the court below must be affirmed, and it is so ordered.